### EX PARTE E. J. HOLLAN.

### No. 7379.  Decided October 11, 1922.

**Habeas Corpus—Bail—Practice on Appeal.**

Where upon appeal from a denial of bail, this court, after considering the evidence, believes the same to be a bailable case, bail is granted in the sum of $10,000.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a denial of bail.

*Mathis, Heidingsfelder, Teague & Kahn,* for appellant.—Cited Ex Parte Harris, 234 S. W. Rep., 398.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Upon a *habeas corpus* hearing in the Criminal District Court of Harris County appellant was remanded to the custody of the sheriff and bail denied. Appellant was charged by indictment with murder. The uncontroverted testimony shows that deceased was paying attention to a sister-in-law of appellant, who was a married woman, it appearing that she had promised to marry deceased when she secured a divorce from her husband. Appellant objected to the attention of deceased to Mrs. Duplantis, the sister-in-law. He and deceased had had a fist fight over the matters of difference between them on this subject. Deceased had made a number of threats against appellant. It was further in testimony that de-

ceased had tried to induce the wife of appellant to leave him and go to another state and live with deceased. Deceased was a much larger and stronger man than appellant, and from the testimony was a violent and dangerous character; had been indicted for a murder alleged to have been committed a few weeks before the instant killing; and it was in testimony that he had committed a robbery by force. On the occasion in question appellant and his wife and other friends had gone to the place where Mrs. Duplantis was staying and had called her out to their car, and were engaged in an effort to induce her to come to their home and stay when deceased appeared on the scene. Witnesses testified that they tried to get him not to go out to the car. When he came out on the porch of the house and started toward the car appellant told him, according to some of the witnesses, as many as three times to stop and not to come any farther. Deceased continued advancing with his hands in his pocket, as stated by most of the witnesses. Appellant fired one shot from the effect of which death resulted.

Without discussing at length the legal issues apparently raised by this testimony, we are of opinion that the evidence fails to measure up to the requirements uniformly held necessary in a case in which bail is denied. Self-defense appears to be an issue and likewise manslaughter. We find ourselves unable to conclude that the facts in testimony present a case from which the unbiased, dispassionate mind would conclude that upon a fair trial the death penalty would be inflicted. So believing, the judgment of the trial court is reversed and bail granted in the sum of Ten Thousand Dollars.

*Bail granted.*